# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH DEMOUCHETTE, Jr. | ) | |
| ERIKA FRNAK, JORDAN FRANK | ) | |
| JOSEPH NUTTER-DEMOUCHETTE by their | ) | |
| Next Friend ARNELLA DEMOUCHETTE and | ) | |
| ARNELLA DEMOUCHETTE, as Mother, Next | ) | 09 C 6016 |
| Friend and Special Administrator of JOSEPH | ) | |
| DEMOUCHETTE, deceased, | ) | Honorable Judge |
| | ) | Blanche M. Manning |
| Plaintiff, | ) | Magistrate Judge Keys |
| | ) | |
| vs. | ) | |
| | ) | |
| SHERIFF OF COOK COUNTY THOMAS | ) | |
| DART, in his official capacity, COOK | ) | |
| COUNTY, a unit of local government, | ) | |
| CORRECTIONAL OFFICER RICHARD | ) | |
| MASON, #3474, in his individual capacity, | ) | |
| CORRECTIONAL OFFICER SEAN | ) | |
| ROBINSON, #5505, in his individual capacity, | ) | |
| CORRECTIONAL OFFICER ANTHONY | ) | |
| MARTILLO, #8900, in his individual capacity, | ) | |
| JOHN DOE CORRECTIONAL OFFICERS | ) | |
| AND SUPERVISORS, in their individual | ) | |
| Capacity, JOHN DOE EMPOLYEES OF | ) | |
| CERMAK HEALTH SERVICES, in their | ) | |
| individual capacities, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS COUNTY OF COOK AND THOMAS DART, SHERIFF OF COOK COUNTY'S MOTION TO BIFURCATE AND STAY *MONELL* DISCOVERY**

NOW COME the Defendants, COUNTY OF COOK, a body politic and Thomas Dart, Sheriff of Cook County, by their attorney Anita Alvarez, State's Attorney of Cook County, through her Assistant State's Attorneys, Michael L. Gallagher, and moves this Court pursuant to Fed. R. Civ. P. 26(d) and 42(b), to bifurcate issues, and stay discovery related to the Plaintiff's policy claims pursuant to 42 U.S.C. § 1983 ("§ 1983") against Thomas Dart, Sheriff of Cook

1

County and County of Cook until completion of litigation on the underlying claims. In support, Defendants state as follows:

## INTRODUCTION

Plaintiffs' Complaint names Sheriff Thomas Dart and the County of Cook, alleging the Sheriff and County are liable for violating Plaintiff's constitutional rights under § 1983 because in part:

> "the Constitutional violations…were caused by the customs policies, and practices of the institutional Defendants, as promulgated, enforced, and disseminated by the official Defendants, whereby the institutions and official Defendants charged with ensuring adequate medical care and supervision to pre-trial detainees at Cook County Jail failed utterly to provide access to the most basic health care commensurate with a civilized society, in this case and many other cases." (Complaint, ¶ 47).

The Supreme Court has advocated limiting discovery as an appropriate means of controlling the significant and often unnecessary costs involved in litigating claims of municipal liability. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 167 (1993). Staying discovery on policy claims serves the interests of convenience, economy and justice. *Treece v. Hochstetler*, 213 F.3d 360 (7th Cir. 2000). Accordingly, Defendants respectfully request that discovery on the § 1983 policy claims be stayed until litigation of the underlying deliberate indifference claim and state claims against Officer Richard Mason, Officer Sean Robinson, Officer Anthony Martillo, Sheriff Dart, Cook County and unknown Cook County employees and Cook County Officers have been completed.

## STATEMENT OF CASE

Plaintiff makes the following allegations in her Complaint filed September 26, 2009, assumed to be true for the purposes of this motion: Plaintiff alleges that Joseph Demouchette, Jr. ("Demouchette") was inmate at the Cook County Jail from September 27, 2008 to September 28,

2009. (Complaint, ¶ 12, 15). On September 27, 2009, Plaintiff alleges that Demouchette went through the Jail's medical intake process and Defendants "failed or refused to indentify [his] serious medical need of drug withdrawal" despite being in need of medical attention. (Complaint, ¶ 16). Demouchette was placed in general population in Division 5 where he became "dope sick from heroin withdrawal and vomited multiple times in his cell." (Complaint, ¶ 19). Demouchette allegedly requested medical attention from several guards to no avail and eventually told his cellmate that he "was going to hang himself to get the guards' attention." (*Id.*, ¶ 21).

Demouchette tied one end of his bed sheet to the cell window, and the other end around his neck, and proceeded to hang himself. (*Id.*, ¶ 22). Plaintiff claims that Defendant Officers and medical staff failed to timely respond to the tier, and where deliberately indifferent to Demouchette's serious medical needs.

## ARGUMENT

Fed. R. Civ. P. 42(b) allows the court to separate claims in furtherance of convenience, to avoid prejudice, or when separate trials will be conducive to the expedition and economy of the court. *Berry v. Deloney,* 28 F.3d 604, 610 (7th Cir. 1994). "Only one of these criteria need be satisfied for a court to order a separate trial." *Id.* It is well established that district courts have broad discretion in deciding whether to try issues separately under Rule 42(b). *McLaughlin v. State Farm Mut. Auto Ins. Co.,* 30 F.3d 861, 870 (7th Cir. 1994); *Krocka v. City of* Chicago, 203 F.3d 507, 515 (7th Cir. 2000). The Seventh Circuit has explicitly endorsed bifurcation as a means to avoid "the waste of valuable time and resources of the court" as well as serving the interest furthered by Rule 42(b). *Treece v. Hochstetler*, 213 F.3d 360, 365 (7th Cir. 2000).

I.  **DISCOVERY ON THE POLICY CLAIMS SHOULD BE STAYED PENDING COMPLETION OF LITIGATION ON THE UNDERLYING CLAIMS AGAINST INDIVIDUAL DEFENDANTS REGARDING DELIBERATE INDIFFERENCE TO PLAINTIFF'S MEDICAL NEEDS AS IT WILL BE CONDUCIVE TO THE EXPEDITION AND ECONOMY OF THIS CASE**

Rule 26(d) of the Federal Rules of Civil Procedure provides that a court, "for the convenience of parties and witnesses and in the interests of justice," may control the sequence and timing of discovery. Under *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978), the Sheriff of Cook Count and County of Cook have a statutory obligation to indemnify their employees and officers. The fact that compensatory damages can only be collected once supports that staying discovery on the § 1983 claims against the Sheriff of Cook County and the County of Cook in this case will serve the purposes of Rule 26(d).

Most recently in a case involving individual § 1983 and *Monell* policy claims in the Northern District of Illinois, Judge Kocoras granted Will County's motion to bifurcate pursuant to Federal Rule of Civil Procedure 42(b) and stay discovery of the *Monell* claim. *Nash v. County of Will*, 08 C 1170, 2008 U.S. Dist. LEXIS 94304 (N.D. Ill. November 18, 2008). In *Nash*, Plaintiff brought suit against Will County and individual officers for injuries allegedly caused while he was in custody at the Will County Detention Center. Plaintiff charged that Defendant-officers were responsible for using excessive force in violation of his Fourth Amendment rights and 42 U.S.C. § 1983 and failing to intervene during the alleged excessive force. *Nash v. County of Will*, 2008 U.S. Dist. LEXIS * 1-2. Nash additionally asserted a claim against Defendant Will County for allegedly fostering a policy or practice of misconduct that caused the deprivation of his civil rights. *Id*. Nash sought numerous documents pertaining to the *Monell* claim from Will County. *Id*.

The court, "in aligning with past cases in this jurisdiction that bifurcated the *Monell* claim pending the disposition of the individual claims," *Myatt v. City of Chicago,* 816 F. Supp. 1259, 1264 (N.D. Ill. 1992); *Jones v. City of Chicago,* No. 98 C 5418, 1999 U.S. Dist. LEXIS 3358, at *8 (N.D. Ill. Mar. 10, 1999), granted Defendants' motion stating "that bifurcating Nash's *Monell* claim and staying discovery and trial offers a distinct advantage: disposition of the claims against the individual officers may render the *Monell* claim irrelevant - thus expediting the case and serving the economy of both the parties and the court. Furthermore, bifurcation prevents the admission of *Monell* evidence at the officers' trial, which could potentially cause unfair prejudice." *Id* at 4.

In this case, Plaintiff brings a similar individual § 1983 deliberate indifference claim against Officer Richard Mason, Officer Sean Robinson, Officer Anthony Martillo, Sheriff Dart, Cook County and unknown Cook County employees and Cook County. Plaintiff's *Monell* claims against the Sheriff of Cook County and the County of Cook are substantially similar to those in *Nash* claiming a failure by Thomas Dart and the County of Cook to adequately budget, supervise and train their employees as being a direct link to the violation of Plaintiff's constitutional rights.

In fact, Plaintiff has recently submitted various document requests directed towards Sheriff Dart and Cook County. Plaintiff's document requests include the following:

- All Sheriff's Department policies, procedures, requirements, prerequisites, General Orders, practices, rules, and regulations from January 2005 to the present.
- All documentation reflecting, referring, and/or relating to investigations into allegations, grievances, or complaints relating to failure to provide medical care for detainees at the Cook County Jail from January 2000 to the present.
- The computer database of investigations maintained by Defendant Cook County Sheriff's Department by the Office of Inspector General and Internal Affairs Divisions of the Sheriff's Department.
- All IAD and OIG investigation files relating to failure to provide medical care and/or

> detainee deaths, which are in the possession and control of Defendants.
> - All documents that reflect, refer or relate to prior claims of inadequate medical care, including prior complaints, settlements, and judgments against the Cook County Sheriff's office from January 2000 to present.

There is no question that the above document requests are overly broad, unduly burdensome, and in many cases, unlikely to lead to discoverable information. However, Plaintiff has sought these documents under the auspices of her *Monell* claim against Defendants alleging that they have instituted a custom, practice, or policy of deliberate indifference that resulted in Demouchette's death. For many of the same reasons that Defendants present in this motion, Judge Kocoras granted Will County's motion to bifurcate trial and stay discovery on the *Monell* claim until the underlying claims against the individual officers were decided.[1]

**A.      Plaintiff Cannot Succeed Against The Sheriff of Cook County or The County of Cook On Her Policy Claims Unless Individual Defendants, Officers, Employees or Entities Are First Found Liable; Thus There Is No Reason Not To Stay Discovery Pending Litigation of the Underlying Claims**

The Sheriff of Cook County and the County of Cook cannot be liable under *Monell*, unless Plaintiff first proves that Officer Richard Mason, Officer Sean Robinson, Officer Anthony Martillo, Sheriff Dart, or County of Cook in fact committed the alleged misconduct and deprived Plaintiff of her constitutional rights. If Plaintiff does not prove the individual officers or employees caused her to suffer a constitutional injury, she cannot succeed against the Sheriff and the County on her § 1983 policy claims. *Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) ("If a person has suffered no constitutional violation at the hands of the individual officers, the fact that the departmental regulations may have authorized the use of constitutionally excessive force is

---

[1] Many courts in this district have ordered bifurcation of *Monell* claims involving excessive force in the interest of convenience, expedition, economy, and avoidance of prejudice. See *Elrod v. City of Chicago*, 2007 U.S. Dist. LEXIS 80941 (N.D. Ill. Nov. 1, 2007) (Brown, M.J.); *Parker v. Banner*, 479 F.Supp.2d 827 (2007) (Zagel, J.); *Grant v. City of Chicago*, 2006 U.S. Dist. LEXIS 5497 (N.D. Ill. Feb. 10, 2006) (Lefkow, J.); *Coffie v. City of Chicago*, No. 05 C 6745, dkt 136 (Holderman, J.); *Kenneth Crawford v. City of Chicago & Cook County*, et. al., No. 08 C 6343, dkt 40 (Lefkow, J); *Jones v. City of Chicago*, 1999 U.S. Dist. LEXIS 3358 (N.D. Ill. March 10, 1999) (Kocoras, C.).

quite beside the point."); *Jones*, 1999 U.S. Dist. LEXIS 3358; *Myatt v. City of Chicago,* 816 F.Supp. 1259, 1264, (N.D. Ill. 1992). The order of proof favors deferring inquiry into the policy claims until the issues raised by the claims against the individual officers and employees have been comprehensively decided.

Further, if Plaintiff were to be awarded compensatory damages against the individual Defendants she would not be entitled to recover *additional* compensatory damages if she prevails on her policy claims. *Spanish Action Committee of Chicago v. City of Chicago*, 766 F.2d 315, 321 (7th Cir. 1985) (emphasis added). Therefore, assuming *arguendo* Plaintiff did obtain a judgment against the individual Defendants on the deliberate indifference claim, it may not be essential or resourceful to then have a trial of the additional policy issues simply to prove the *Monell* claim against the Sheriff's Office and thereby the County of Cook, who is required under Illinois law to pay the tort judgments of compensatory damages its employees are liable for within the scope of their employment or the County itself as overseer of Cermak Health Services and its employees. 745 ILCS 10/9-102.

Complicating this case even further is the fact that in Counts V of the Complaint alleges a negligence action against the corporate and individual Defendants alleging that Defendants are guilty of medical negligence with regard to Plaintiff. As with the need to prove the alleged deprivation of her constitutional rights by the individual defendants, Plaintiff must further prove the underlying medical negligence claim before the *Monell* claim can even be considered. This fact also strongly supports the bifurcation of this proceeding.

**B.     Conducting Discovery On The Policy Claims Is Inefficient Because It Provides No Economic Benefits But Imposes Significant Costs.**

The decision to stay discovery and bifurcate the actions against the individual Defendant officers and employees from the Sheriff and County's policy issues is supported by weighing the

costs imposed upon the parties and the Court during policy discovery against the putative benefit that a *Monell* claim provides. Simply, there is no quantitative justification for not staying *Monell* discovery.

Going forward with policy discovery in this case will work undue, unnecessary and costly burdens upon the Defendants, Plaintiff, and this Court. Plaintiff's policy claims implicate the Sheriff and the County's training, supervision, policies and procedures provide a "perfect storm" whereby Officer Richard Mason, Officer Sean Robinson, Officer Anthony Martillo and unknown Cook County employees and Cook County Officers could violate Plaintiff's constitutional rights. At Plaintiff's focus is that CCDOC officers and Cermak Health Services employees routinely engage in misconduct, including the deliberate indifference to detainee's medical needs, and that there is an unwritten policy or practice by the Sheriff and County that condones or turns a blind eye to such conduct. Plaintiff's discovery requests at this point in the litigation have been exceedingly expansive, onerous, and consuming. Forcing Defendants to comply with Plaintiff's measureless requests would require a momentous amount of manpower, time, and money to produce and sort through potentially tens of thousands of documents that are entirely unrelated to the alleged specific act of deliberate indifference that occurred on September 28, 2008.

Staying discovery on the *Monell* claims until the claims against the individual officers and employees have been fully litigated will save the parties and this Court an extensive amount of time and resources by eliminating the need for this court to referee a massive discovery effort that appears eminent by Plaintiff's request to produce documents. Additionally, it is in the best interests of Plaintiff and Defendants that the deliberate indifference claim and state claims be efficiently and efficaciously litigated, rather than there be focus on a protracted and costly

discovery process that the multiple policy claims will necessarily entail.

Further, it is evident that Plaintiff will require numerous Rule 30(b)(6) depositions of County and Sheriff's officers, personnel, staff and potentially Cook County Board commissioners and officers to give explanation to individual documents, policies unrelated to the specific acts alleged to have occurred on September 28, 2008. This will certainly necessitate the depositions of an endless number of additional witnesses for Plaintiff to establish a pattern of constitutional abuse and would create trials within trials regarding collateral issues and incidents. Consequently the scope of this suit would reach far beyond comprehension; birthing nothing but an endless cycle of expansion. Accordingly, for these reasons, the parties and this Court are best served by bifurcating and staying the *Monell* claims until the claims against the individual Defendant officers and employees pertaining to the allegations of deliberate indifference have been litigated.

### C. Bifurcation Prevents The Admission of *Monell* Evidence At The Individual Officers' And Employees' Trial That Would Cause Unfair Prejudice.

Plaintiff undoubtedly would seek to introduce a broad spectrum of policy and unrelated misconduct evidence in their *Monell* claim that would be patently prejudicial to the individual Defendant officers and employees in defending themselves against a specific claim. The claims against the individual officers and employees require considerably different proof than the claims against the Sheriff and County under *Monell*. *Myatt,* 816 F. Supp. at 1264 (In deciding whether to order separate trials, we will consider whether the evidence required for each issue overlaps). The introduction of propensity evidence unrelated to the individual officers and employees in the presentment of Plaintiff's *Monell* claim will only serve to confuse the jury as to the claims against them and will have an unfair cumulative effect that runs the risk that a jury will find liability toward the officers and employees for incidents other than those charged.

## CONCLUSION

WHEREFORE, for the reasons stated, Defendants respectfully request this Honorable Court to (1) bifurcate Plaintiffs § 1983 claims against defendants Thomas Dart and Cook County pursuant to Rule 42(b); and (2) stay both discovery and trial on those claims. In the alternative, should this Court decide not to bifurcate Plaintiff's § 1983 claims, Defendants request that discovery on the *Monell* claims be stayed until the completion of fact discovery on the claims against the individual Defendant officers, employees, and entities. At that time, the Court may reassess whether *Monell* discovery should be pursued, and if so, what the proper scope should be. *Medina v. City of* Chicago, 100 F.Supp.2d 893, 898 (N.D. Ill. 2000).

Respectfully submitted,

ANITA ALVAREZ
State's Attorney of Cook County

*/s/ Michael L. Gallagher*
Michael L. Gallagher
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603-3124