# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 6016 | **DATE** | April 12, 2011 |
| **CASE TITLE** | *Demouchette v. Sheriff of Cook County* | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, certain defendants' motion to dismiss [68-1] the section 1983 claim against them is granted. Although the defendants ask that the state law claims be dismissed as well, they have failed to articulate any basis for the dismissal of the state law claims; thus, these claims shall proceed. A status hearing is set to Thursday, May 26, 2011 at 11:00 a.m.

■[ For further details see text below.]

00:00

# STATEMENT

Joseph Demouchette, a pretrial detainee at the Cook County Jail, died while in custody there. The plaintiffs, the children and mother of Demouchette, sued the Sheriff of Cook County and numerous individual defendants alleging various claims relating to Demouchette's death. Specifically, they allege claims of failure to provide adequate medical care under 42 U.S.C. § 1983, and state law claims for wrongful death, a survival action, intentional infliction of emotional distress, negligence and indemnification. Certain of the defendants move to dismiss on the ground that the amendment to the complaint that named them was untimely.

**Facts**

The well-pleaded facts are taken as true for purposes of this motion to dismiss. Demouchette, a 30 year-old father of four was arrested on September 27, 2008. He was a heroin addict and was found dead in his cell on September 28, 2008. He committed suicide by hanging himself with a bedsheet. The plaintiffs allege that the defendants failed at intake to identify Demouchette's serious medical condition of drug withdrawal and failed to provide the necessary medication and medical treatment.

**Analysis**

Demouchette died in the Cook County Jail on September 28, 2010. Illinois' two-year statute of limitations for personal injury claims applies to the plaintiffs' § 1983 claims. *Wade v. Collier*, No. 10 C 6876, 2011 WL 832240, at *1 (N.D.Ill. Mar. 3, 2011). The plaintiffs' original complaint was filed on January 26, 2009, and in addition to certain named individual correctional officers, it included as defendants John Doe Correctional Officers and Supervisors. The amendment naming defendants Sergeant Turner, Sergeant Hayes, Chief Martinez, Chief Salazar, Superintendent Janus and Director Romero was not filed until February 7,

2011, after the § 1983 two-year limitations period had expired.  Thus, the defendants who were added by the amendment contend that the § 1983 claim against them must be dismissed as untimely.

The plaintiff first asserts that the amended complaint was timely because it was filed in accordance with the court's discovery schedule.  However, the cases are inapposite as none of them address an amendment which the defendants contend is beyond the statute of limitations.

The plaintiffs next argue that the amendment relates back to the original pleading and therefore, the claims against the relevant defendants are timely.  Under Fed. R. Civ. P. 15:

> An amendment to a pleading relates back to the date of the original pleading when:
> (A) the law that provides the applicable statute of limitations allows relation back;
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> > (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> > (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15.

"A Section 1983 complaint cannot be amended to identify an unnamed defendant correctional officer after the limitations period has run, unless 'there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake.'"  *Benson v. Walker*, No. 10-579-JPG, 2011 WL 846865, at *3 (S.D. Ill. Mar. 8, 2011) (*quoting King v. One Unknown Federal Correctional Officer*, 201 F.3d 910, 914 (7th Cir. 2000)).  As further noted by the Seventh Circuit:

> [I]t is equally well established that Rule 15(c)(3) "'does not permit relation back where ... there is a lack of knowledge of the proper party.'"  In fact, this court has emphasized that Rule 15(c)(3) contains a separate "mistake" requirement.  Indeed, "in the absence of a mistake in the identification of the proper party, it is irrelevant for purposes of Rule 15(c)(2) [now Rule 15(c)(3)] whether or not the purported substitute party knew or should have known that the action would have been brought against him."

*Baskin v. City of Des Plaines*, 138 F.3d 701, 704 (7th Cir. 1998) (internal citations omitted).

Here, it is clear that the plaintiffs' failure to name the proper defendants was the result of a "lack of knowledge of the proper party" and not "mistake."  Thus, whether these defendants knew or should have known about the action is, as noted by the Seventh Circuit, irrelevant.  While the plaintiffs argue that "[t]he complaint makes clear that Plaintiffs sought to sue the officers and supervisors who were responsible for Demouchette's death," Response at 8, Dkt. #85, the Seventh Circuit has expressly stated that "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff."  *Wudtke v. Davel*, 128 F.3d

1057, 1060 (7th Cir. 1997) (internal citation omitted).

Nor is the court persuaded differently by the plaintiffs' citation to *Krupski v. Costa Crociere, S.P.A.*, 130 S. Ct. 2485 (2010). In that case, the U.S. Supreme Court noted that "the plaintiff had made a mistake in identifying the proper defendant in her original complaint because she misunderstood critical facts about the two companies' identities and relationship to one another" and "held that because Costa Cruise and Costa Crociere were related entities with similar names, Costa Crociere should have anticipated that mistake and known that the suit could be brought against it." *Pierce v. City of Chicago*, No. 09 C 1462, 2010 WL 4636676, at *4 (N.D. Ill. 2010) (*citing Krupski*, 130 S.Ct. at 2497-98). Accordingly, the Supreme Court concluded that the amended complaint related back and the amendment should have been allowed. *Id.* at 2498. Here, however, the plaintiffs did not include the names of certain defendants because they did not know them, not because there had been a mistake as to the proper party. As detailed above, a lack of knowledge of the proper party is not a mistake and *Krupski* does not hold otherwise.

The plaintiffs finally argue that the statute of limitations should be tolled because Demouchette's death means that he could not identify those responsible for the alleged wrongs. The plaintiff contends that "where there are barriers that prevent Plaintiffs from determining the identities of unnamed defendants; [sic] the Court has an obligation to assist Plaintiffs by allowing a party to name Defendants after an opportunity for discovery." Response at 11, Dkt. # 85. As an initial matter, it is not clear that the decedent would have had first-hand knowledge regarding all of those who might be liable for the alleged violations had he survived. Moreover, the defendants note that they made their Rule 26(a) disclosures in June 2010, three months before the expiration of the limitations period, and that all of the potential defendants were identified in the documents that were produced at that time. Thus, contrary to the plaintiffs' position, the fact that Demouchette was dead did not act as a barrier to the proper identification of all the possible defendants.

Accordingly, the section 1983 claims against defendants Sergeant Turner, Sergeant Hayes, Chief Martinez, Chief Salazar, Superintendent Janus and Director Romero are dismissed as untimely. Although the defendants ask that the state law claims be dismissed as well, they have failed to articulate any basis for the dismissal of the state law claims as to these defendants. Thus, the motion to dismiss the state law claims against the recently added defendants is denied. A status hearing is set to Thursday, May 26, 2011 at 11:00 a.m.

RH/p