**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JOSEPH DEMOUCHETTE, Jr. ERIKA FRNAK, JORDAN FRANK JOSEPH NUTTER-DEMOUCHETTE by their Next Friend ARNELLA DEMOUCHETTE and ARNELLA DEMOUCHETTE, as Mother, Next Friend and Special Administrator of JOSEPH DEMOUCHETTE, deceased, | ) ) ) ) ) ) ) ) | 09 C 6016 Honorable Magistrate Judge |
| Plaintiff, | ) ) | Arlander Keys |
| vs. | ) ) ) | |
| SHERIFF OF COOK COUNTY THOMAS DART, in his official capacity, et. al., | ) ) ) | |
| Defendants. | ) | |

**SHERIFF'S RESPONSE TO PLAINTIFF'S MOTION TO
DISQUALIFY DEFENDANTS' RETAINED EXPERT**

NOW COME the Defendants Sheriff Thomas Dart, Officer Mason, Officer Robinson, Lieutenant Hernandez, Officer Anthony Martillo, Sergeant Turner, Sergeant Hayes, Chief Martinez, Chief Salazar, Superintendent Janus and Director Romero ("Sheriff"), by their attorney Anita Alvarez, State's Attorney of Cook County, through her Assistant State's Attorney, Michael L. Gallagher, and hereby respond to Plaintiff's motion to disqualify the Sheriff's expert due to alleged "conflict of interest" as follows:

**Introduction**

Plaintiff, through his attorney Heidi Sleper ("Sleper"), is attempting to disqualify the nation's leading expert regarding Jail suicides based on two brief telephone conversations that allegedly occurred between Sleper and Lindsay Hayes ("Hayes"). (Exhibit A Plaintiff's motion; Docket Entry No. 127 p.1). Plaintiff claims that based on these conversations that lasted a combined thirty minutes,

Sleper developed a "confidential relationship" with Hayes in which she provided him with "confidential information" warranting disqualification.[1] *Id.* at 4-5. However, Plaintiff's motion falls woefully short of establishing that such a relationship existed where Hayes was never retained, Hayes was never tendered any documents, the conversations lasted only minutes, Hayes was never compensated, and where Hayes never rendered Sleper an opinion regarding the matter. *See Simons v. Freeport Mermorial Hospital*, 2008 U.S. Dist. LEXIS 98450 *8-9 (N.D. Ill. 2008)(The court will consider the following factors in determining whether a confidential relationship existed: whether the expert was retained, whether documents were exchanged, how much time the expert provided to the party, whether the expert received payment, and whether the expert rendered an opinion to the party.).

Plaintiff has also failed to establish that Sleper provided Hayes with "confidential information" where Courts have consistently held that Sleper's vague and conclusory allegations are insufficient to satisfy Plaintiff's "heavy burden." *See Simons* at *7, 14-15; *see also Mayer v. Dell*, 139 F.R.D. 1, 4 (D.D.C. 1991)(finding that plaintiff's counsel's affidavit - stating that he discussed with the expert strategy in the litigation, the kinds of experts he expected to retain, his views of the strengths and weaknesses of each side, and the role of plaintiff's experts - was not, in itself, enough to find confidential information was exchanged). In fact, Hayes does not recall these conversations ever taking place, let alone recall Sleper providing him with Plaintiff's strategies and theories of the case. (Exhibit B Hayes' Affidavit p.3-4). Therefore, Plaintiff's motion to disqualify Defendants' expert based on a conflict of interest should be denied.

---

[1] Defendants are not conceding that these conversations actually took place because Hayes has no recollection or record of them ever occurring. (Exhibit B Hayes' Affidavit p.3-4). However, Defendants are contesting that these conversations lasted a total of thirty minutes because if the conversations had lasted for that period of time, Hayes has stated that he

## ARGUMENT

Federal courts have the inherent power to disqualify experts witnesses where or when it is necessary to protect the integrity of the adversary process and to promote public confidence in the legal system. *Koch Refining Co. v. Jennifer L. Boudreaux M/V,* 85 F.3d 1178, 1181 (5th Cir. 1996); *see Rosenthal v. Trading Tech. Inter. Inc.,* 2008 U.S. Dist. LEXIS 73897 *3 (N.D. Ill. 2008). However, the disqualification of an expert is a "'drastic measure' that should not be used except when it is absolutely necessary." *Simons*, 2008 U.S. Dist. LEXIS 98450 at *7-8; *citing BP Amoco Chem. Co. v. Flint Hills Res., LLC,* 500 F. Supp. 2d 957, 960 (N.D. Ill. 2007).

Courts apply a two-part test to determine whether an expert should be disqualified. *Koch,* 85 F.3d at 1181; *see Simons*, at *6. The court first asks whether the party seeking disqualification acted reasonably in assuming that a confidential relationship existed and, second, whether confidential information was exchanged requiring disqualification of the expert. *Id*. "Only if the answers to both questions are affirmative should the witness be disqualified." *Id.*; *Mayer, 139 F.R.D.* Finally, some courts have considered a third element: the court's interest in protecting and preserving the integrity and fairness of the judicial proceedings. *Simons*, at *7. As a result, the party seeking disqualification bears a "heavy burden" that *cannot* be satisfied with conclusory assertions from counsel. *Simons,* at *7-8, citing *Greene, Tweed of Del., Inc. v. DuPont Dow Elastomers, L.L.C.,* 202 F.R.D. 426, 429 (E.D. Pa. 2001).

**I.      It is unreasonable for Sleper to assume that a confidential relationship existed with Hayes based on two brief telephone conversations.**

---

would have generated notes or logged in to his records that the conversation(s) actually took place.

Plaintiff must first establish that Sleper acted reasonably in assuming that a confidential relationship existed with Hayes. In analyzing the first prong, the following factors are considered: "whether either party or the expert acknowledged that the expert was retained, the amount and nature of the documents that the party sent the expert, how much time the expert provided to the party, whether payment was made to the expert, and whether the expert rendered an opinion to the party." *Simons*, at *8. If the above factors indicate that the parties had a "longstanding series of interactions, which have more likely than not coalesced to create a basic understanding of the retaining party's modus operandi, patterns of operations, decision-making process, and the like," then a party's assumption of confidentiality is reasonable. *Koch,* 85 F.3d at 1182. However, where "the expert met but once with counsel, was not retained, was not supplied with specific data relevant to the case, and was not requested to perform any services," there is no long-term relationship, but rather an informal consultation. *Id.*

In *Larson v. Rourick*, plaintiff claimed that defendant's expert should be disqualified based on three conversations with plaintiff's counsel. 284 F. Supp. 2d 1155 (N.D. Ill. 2002). In the initial conversation, counsel informed the expert regarding the substance of the case and the expert seemed "receptive" to providing his testimony at an agreed rate of compensation. *Id.* During the second conversation the parties continued to discuss the case and counsel provided pretrial documents for the experts review. *Id.* at 1156. Finally, during the third conversation the expert informed counsel that he would not be able to provide expert testimony based on "strategic reasons." *Id.*

In rejecting plaintiff's argument, the court held that three conversations between counsel and the expert did not create a confidential relationship or amount to an exchange of confidential information. *Id.* at 1158. The court reasoned that "to get to the point where an attorney expert is

comfortable proceeding to the step of reviewing factual information, the plaintiffs' counsel must necessarily reveal certain basic facts and theories concerning the litigation. It was in this very initial stage that [the expert] was called, considered, and then declined the employment." *Id.*; *see Coates v. Duffer's Golf Ctr., Inc.*, 2007 U.S. Dist. LEXIS 32362 *3-4 (D. Mass. 2007)(The court denied motion to disqualify despite the expert being retained, paid, and despite plaintiff's counsel's allegations that she shared " litigation strategies, merits of the plaintiffs' case, and other strengths and weaknesses of the case…"); *see also, Mays v. Reassure America Life Ins. Co.,* 293 F.Supp.2d 954, 957 (E.D. Ark. 2003)(In circumstances where the expert only performs an initial consultation, so a party can decide whether to retain the expert, the party generally cannot claim a reasonable expectation of a confidential relationship); *see also Hewlett-Packard Co. v. EMC Corp.,* 330 F.Supp.2d 1087 1096-97 (N.D. Cal. 2004)(holding that one-hour initial consultation, where an expert may have opined about the merits of several patents, was not enough to show reasonable expectation of confidentiality).

In the present case, Sleper's argument that she developed a "confidential relationship" with Hayes based on two brief telephone conversations is not only unreasonable, but is patently absurd. As stated *supra,* the *Simons* court considered five factors in determining if a confidential relationship between the parties existed. Plaintiff has failed to satisfy *any* of these factors where (1) Hayes was never retained; (2) Hayes never received or reviewed any documents; (3) the alleged conversations only lasted several minutes; (4) Hayes was never paid; (5) and where Hayes never rendered an opinion regarding the matter. *Simons,* at *8-9. In fact, Plaintiff has failed to provide a *single case* from this district, circuit, or country that calls for the disqualification of an expert under these circumstances.

Undeterred, Sleper claims that a confidential relationship existed with Hayes because they "discussed several documents", discussed "Plaintiffs' strategy and theories of the case", and because Hayes allegedly rendered "an opinion to counsel regarding the case." Exhibit A p.4. However, Plaintiff is putting the cart before the horse by attempting to establish a confidential relationship - not based on the relationship itself - but based on confidential information that was allegedly exchanged between the parties. Exhibit A p.4; *see Koch,* 85 F.3d at 1181 ("Only if the answers to both [factors] are affirmative should the witness be disqualified"). Simply put, Plaintiff cannot satisfy the first prong of the *Simons* test by arguing that the Second has been met.

Moreover, Courts have consistently held that Plaintiff's reliance on "vague and conclusory assertions" is insufficient to satisfy his "heavy burden." *See Simons* at *7, 14-15; *see also Greene, Tweed of Del., Inc. v. DuPont Dow Elastomers, L.L.C.,* 202 F.R.D. 426, 430 (E.D. Pa. 2001)(finding that the defendant could not support its burden "by making conclusory assertions that the proposed experts were 'privy to substantial confidential information related'" to the litigation). Not only are Sleper's claims insufficient, they are directly contradicted by Hayes' sworn affidavit. Hayes explains that he has no recollection of these conversations ever occurring. (Exhibit B p.3-4). Hayes states that because he has no recollection or record of these conversations ever occurring, he finds it "highly doubtful" that the parties conversed for 20 minutes. *Id.* at 3. Finally, Hayes states since he does not recall the alleged conversations, he "certainly [does] not recall being informed of any 'Plaintiffs' strategy and theories of the case.'" *Id.* at 4. As are result "these alleged conversations had absolutely no effect or influence on the opinion I subsequently provided in the above matter by way of my

expert report." [2] *Id.* Therefore, Plaintiff has utterly failed to establish that Sleper was reasonable in assuming that a confidential relationship with Hayes existed and Plaintiff's motion for disqualification should be dismissed.

## II. Plaintiff has failed to establish that confidential information was exchanged between Sleper and Hayes during their brief conversations.

Assuming *arguendo* that this Court finds that Plaintiff established a confidential relationship existed between Sleper and Hayes, Plaintiff's vague, conclusory, and contradicted assertions that the parties exchanged confidential information is wholly insufficient to warrant disqualification. In support of his claim, Plaintiff cites *Simons* for the proposition that an attorney exchanging "'legal theories, mental impressions and opinions' [is] confidential information that *requires disqualification of an expert*." (emphasis added) *see* Exhibit A p.4; *citing Simons* at *13. However, Plaintiff has failed to inform the Court that *Simons* did not hold that exchanging of confidential information *alone* warrants disqualification. Instead, the *Simons* court found that disqualification was warranted because a confidential relationship existed where the expert was retained, he reviewed numerous documents, provided over twenty hours of work, was compensated $4,000, and rendered an oral opinion. *Simons*, at *10-11.

Moreover, Plaintiff has failed to inform the Court that *Simons* rejected the same "conclusory assertions" regarding confidential information that he has put forward in this case. *Simons*, at *14-15. In *Simons,* once the plaintiff satisfied the first prong, the *Simons* court examined whether defendant

---

[2] Sleper attempts to provide her vague allegations some substance by offering to "discuss the exact details of the conversation in Chambers with the court if necessary…" (Exhibit A p.2). The Defendants welcome this approach and request that Hayes be present during this discussion via telephone so that he can refute Sleper's claims.

had shown that confidential information had been exchanged between the parties. *Id.* Defense counsel claimed the following in an affidavit:

> "[I] disclosed to [the expert] the opinions of my other consultant and we discussed in detail how those opinions would strategically fit within the defense of the occupational therapy care as well as the defense of the case globally; I discussed strategic viewpoints with her… questioning her opinions and thoughts from each and every aspect…we discussed how the defense would benefit from specific strengths from defense perspective [sic] and weaknesses of the plaintiff's case in great detail. [T]herefore, in doing so, I shared with her my attorney impressions and whether I agreed or disagreed with her thoughts, thus discussing with her all my attorney work product in the preparation of the defense of this case. . . *Id.* at *12-13.

The *Simons* court found that counsel's "vague assertions" did not detail any of her exchanges with the expert and held that "several courts have held that a party requesting disqualification may not meet its burden with conclusory assertions. In fact, courts have required additional evidence to support such broad assertions and self-serving remarks in attorneys' affidavits…Thus, defendants have provided little specific information to support their burden to show that confidential information was exchanged with [the expert]." (internal citations omitted) *Id.* at *14-16. *See BP Amoco,* 500 F. Supp. 2d at 961 (holding that the assertions that confidential information was transmitted were vague and conclusory assertions); *see also Greene, Tweed,* 202 F.R.D. at 430 (finding that the defendant could not support its burden "by making conclusory assertions that the proposed experts were 'privy to substantial confidential information related'" to the litigation).

In the present case, Plaintiff has utterly failed to establish that Sleper provided Hayes with "confidential information" and Sleper's vague and conclusory allegations to the contrary are insufficient to satisfy Plaintiff's "heavy burden." *See Simons* at *7, 14-15. As stated *supra* in section I, Sleper did not provide Hayes with any documents, let alone any documents that would be considered confidential or attorney-work product. Sleper also had no written correspondence with

Hayes, let alone disclosed any correspondence that would suggest that confidential information was exchanged. Instead, Sleper has provided the same "vague and conclusory" allegations that have been rejected by the courts time and time again. Therefore, Plaintiff has failed to establish that Sleper exchanged any confidential information with Hayes that would warrant disqualification.

### III. The policy considerations do not warrant disqualification.

A third element sometimes considered by the court in determining whether disqualification is appropriate is the court's interest in protecting and preserving the integrity and fairness of the judicial proceedings. *Simons*, at *7. Plaintiff argues that it would be "fundamentally unfair if the Court were to allow Mr. Hayes to testify on behalf of Defendants when he had access to confidential information regarding Plaintiffs' case strategies and had already formed opinions about the case." Exhibit A p.5. As argued *supra* in section II, Plaintiff's claim that Hayes had access to confidential information regarding Plaintiff's case and "formed opinions about the case" is baseless. Moreover, Plaintiff failed to mention the strong policy concerns that have led courts to place a "heavy burden" on parties seeking disqualification deeming it a "'drastic measure' that should not be used except when it is absolutely necessary." *Simons*, 2008 U.S. Dist. LEXIS 98450 at *7-8; *citing BP Amoco*, 500 F. Supp. 2d at 960. Namely, the court's concern "that parties have access to expert witnesses who possess specialized knowledge and allowing experts to pursue their professional calling." *Koch*, at 1183; *citing English Feedlot, Inc. v. Norden Lab., Inc.,* 833 F. Supp. 1498, 1504-05 (D.Col.1993). Not to mention the courts concern *"*that if experts are too easily subjected to disqualification, unscrupulous attorneys and clients may attempt to create an inexpensive relationship with potentially harmful experts solely to keep them from the opposing party." *Id.* at 1505. Plaintiff has failed to cite *a single* case where an expert was disqualified based on two brief telephone conversations and under these

9

circumstances. Defendants implore this Court to consider the "policy concerns" that would be implicated if Hayes was disqualified based on such frivolous pretenses. Therefore, Plaintiff's motion should be denied for policy considerations and the chilling effect such an order would have on future litigation.

## CONCLUSION

WHEREFORE, for the above stated reasons, Defendants Sheriff Thomas Dart, Officer Mason, Officer Robinson, Lieutenant Hernandez, Officer Anthony Martillo, Sergeant Turner, Sergeant Hayes, Chief Martinez, Chief Salazar, Superintendent Janus and Director Romero respectfully request that the Honorable Court deny Plaintiff's motion to disqualify the Sheriff's expert due to alleged "conflict of interest" and request that this Court access fees and costs against Plaintiff for bringing said motion.

Respectfully Submitted,

ANITA ALVAREZ
State's Attorney of Cook County

/s/ Michael L. Gallagher
Michael L. Gallagher
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, Il 60602
(312) 603-3124